

385

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-3289
Re: Application of Article 7047c,
Vernon's Annotated Civil
Statutes, to mortgage and
extension agreement executed
by The Pecos and Northern
Texas Railway Company.

In your letter of March 17, 1941, you advise us of the following facts: On June 10, 1907, The Pecos and Northern Texas Railway Company executed to Morton Trust Company, Trustee, a first mortgage upon its then line of railway, to secure a bond issue of "an amount not exceeding in the aggregate Fifteen Million Dollars ($15,000,000.00)." The actual amount of bonds issued under such mortgage amounted to only Eleven Million Nine Hundred and Eighty-four Thousand Dollars ($11,984,000.00), which is the amount still outstanding and unpaid, all interest having been paid to date. An instrument dated October 24, 1940, has been executed extending the time for the payment of said bonds from May 1, 1937, to July 1, 1958, and also preserving and extending the mortgage lien. You request our opinion in response to the following two questions:

"1. Whether, in order to have the first mortgage recorded in those counties in which it has not heretofore been recorded, and in order to have the Extension Agreement recorded in all of the counties through which the railway of The Pecos and Northern Texas Railway Company runs, it is necessary to attach any Texas State revenue stamps to either the mortgage or the Extension Agreement.

"2. If it is necessary to attach such stamps, whether they should be attached, calculated on the basis of $15,000,000.00 or $11,984,000.00. . . ."

Article 7047e, Section (a), Vernon's Annotated Civil Statutes, reads as follows:

"Except as herein otherwise provided there is hereby levied and assessed a tax of Ten (10¢) Cents on each One Hundred ($100.00) Dollars or fraction thereof, over the first Two Hundred ($200.00) Dollars, on all notes and obligations secured by chattel mortgage, deed of trust, mechanic's lien, contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; provided that no tax shall be levied on instruments securing an amount of Two Hundred ($200.00) Dollars, or less. After the effective date of this Act, except as hereinafter provided, no such instrument shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; providing further that should the instrument filed in the office of the County Clerk be security of an obligation that has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable cash value of all property pledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligations; and, providing further that, except as to renewals or extensions of accrued interest, the provisions of this section shall not apply to instruments given in renewal or extensions of instruments theretofore stamped under the provisions of this Act or the one amended hereby, and shall not apply to instruments given in the refunding of existing bonds or obligations where the preceding instrument of security was stamped in accordance with this Act or the one amended hereby; provided further that the tax levied in this Act shall apply to only one instrument, the one of the greatest denomination, where several instruments are contemporaneously executed to secure one obligation; and provided further that when once stamped as provided herein, an instrument may be

Honorable Charley Lockhart, Page 3

recorded in any number of counties in this State without again being so stamped. This section shall not apply to instruments, notes, or other obligations taken by or on behalf of the United States or of the State of Texas, or any corporate agency or instrumentality of the United States, or of the State of Texas in carrying out a governmental purpose as expressed in any Act of the Congress of the United States or of the Legislature of the State of Texas, nor shall the provisions of this section apply to obligations or instruments secured by liens on crops and farm or agricultural products, or to livestock or farm implements, or an abstract of judgment.

"If the amount secured by an instrument is not expressed therein, or if any part of the security described in any such instrument appears to be located without the State of Texas, the County Clerk shall require proof by written affidavits of such facts as may be necessary to determine the amount of the tax due."

From a reading of the above statute it is seen that the tax is not due until and unless the instrument of security is presented for record. The Act further reads that except as provided therein no such instrument shall be filed for record until it has been stamped in accordance with the provisions of the Act. No exception is made as to instruments dated prior to the effective date of the statute. The tax levied by this Act is laid upon the privilege of using the records of the office of the County Clerk. City of Abilene v. Pryar, 143 S. W. (2d) 654.

Hence in our opinion it is immaterial that the first instrument was executed long prior to the effective date of Article 7047e. If it is now offered to a County Clerk for record it must be stamped in accordance with such statute. If the 1907 mortgage is properly stamped and recorded, then under the express terms of the statute the extension agreement may be recorded thereafter in whatever counties it may be desired without having any stamps affixed thereto.

Honorable Charley Lockhart, Page 4

The original mortgage did not secure obligations amounting to Fifteen Million Dollars ($15,000,000.00) but merely secured an authorized bond issue of not exceeding Fifteen Million Dollars ($15,000,000.00). The fact that bonds in the amount of Eleven Million Nine Hundred and Eighty-four Thousand Dollars ($11,984,000) only were issued and that such is the amount still unpaid may be shown to the Clerk by affidavit, and in such event the amount of stamps to be attached should be calculated on the basis of Eleven Million Nine Hundred and Eighty-four Thousand Dollars ($11,984,000.00).

APPROVED MAR 25, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:db

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN